IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

OUEDRAOGO WENDKUUNI GILLES       §
PATRICK (A-099-933-725),          §
                                  §
              Petitioner,         §
                                  §    CIVIL ACTION NO. H-18-2068
v.                                §
                                  §
MATTHEW G. WHITAKER,[1] et al.,   §
                                  §
              Respondents.        §

## MEMORANDUM OPINION AND ORDER

Petitioner Ouedraogo Wendkuuni Gilles Patrick, also known as Wendkuuni Gilles Patrick Ouedraogo ("Petitioner"), has filed a Petition for a Writ of Habeas Corpus and Release from Detention ("Petition") (Docket Entry No. 1) by immigration officials. He has provided exhibits in support of his Petition (Docket Entry No. 2), and he has also filed a Motion for Summary Judgment ("Petitioner's MSJ") (Docket Entry No. 9), seeking his immediate release. Respondents have filed an Amended Motion to Dismiss and Opposition to Petitioner's Motion for Summary Judgment ("Respondents' Motion") (Docket Entry No. 11). Petitioner has replied with a Motion to Strike and Opposition to Respondents' Amended Motion to Dismiss and Opposition to Petitioner's Motion for Summary Judgment ("Motion to

---

[1]The petitioner originally designated former United States Attorney General Jeff Sessions as the lead respondent. Sessions has been replaced by Acting United States Attorney General Matthew G. Whitaker, who is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

Strike") (Docket Entry No. 12), a Motion for Appointment of Counsel and Brief in Support ("Motion for Appointment of Counsel") (Docket Entry No. 19), and Petitioner's Motion for Leave to File Supplemental Pleadings (and Complaints) Under Rule 15(d); and to Request an Authorization to File an Untimely Consolidated Reply ("Motion for Leave to File Supplemental Pleadings") (Docket Entry No. 20). After considering all of the pleadings and the applicable law, the court concludes that this case must be dismissed for the reasons explained below.

## I.  **Background**

Petitioner is a native of Burkina Faso, who first arrived in the United States on an F1 non-immigrant international student visa in 2009, and was granted asylum in 2014.[2]  His pending habeas corpus Petition seeks relief from a determination made by an immigration judge following a hearing on July 18, 2018, denying Petitioner release on bond while administrative removal proceedings are pending against him.  Those administrative proceedings are summarized below based on the pleadings and exhibits provided by Petitioner.

## A.  **Petitioner's Administrative Proceedings**

On November 11, 2016, Petitioner pled guilty to charges of evading arrest or detention with a motor vehicle, which is a

---

[2]Petition, Docket Entry No. 1, p. 4.

third-degree felony offense, in Harris County Cause No. 1499468.[3] As a result of that conviction the 230th District Court for Harris County, Texas, sentenced Petitioner to two years' imprisonment in the Texas Department of Criminal Justice ("TDCJ").[4]

On August 8, 2017, Petitioner was taken into the custody of United States Immigration and Customs Enforcement ("ICE") officials, after removal proceedings were lodged against him.[5] Pointing to Petitioner's felony conviction for evading arrest, immigration officials alleged that Petitioner was subject to deportation or removal under 8 U.S.C. § 1227(a)(2)(A)(iii),[6] for committing an "aggravated felony" under the definition found in 8 U.S.C. § 1101(a)(43)(F).[7] A conviction qualifies as an aggravated felony under this provision if it meets the definition for a "crime of violence" found in 18 U.S.C. § 16 and the term of imprisonment was at least one year.[8]

---

[3]Id. at 5.

[4]Id.

[5]Id. at 4-5.

[6]This statute, which codifies § 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("INA"), provides that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii).

[7]See Memorandum and Order on Motion for Bond Redetermination, Docket Entry No. 2-2, pp. 3-4 (referencing the charge of deportability).

[8]This statute codifies INA § 101(a)(43)(F).

In connection with the removal proceedings, immigration officials also moved to terminate Petitioner's grant of asylum on the grounds that his conviction for evading arrest constituted a "particularly serious crime."[9]  See 8 U.S.C. § 1158(b)(2)(A) (An alien cannot receive asylum if "the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States."). A conviction for an aggravated felony automatically qualifies as a particularly serious crime in this context.  See 8 U.S.C. § 1158(b)(2)(B)(i) ("[A]n alien who has been convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime."). The Attorney General also has authority to determine that other criminal convictions are "particularly serious." 8 U.S.C. § 1231(b)(3)(B).[10]

The pleadings disclose that Petitioner has made three requests for release on bond while removal proceedings are pending against him.  On September 27, 2017, an immigration judge denied

---

[9]Petition, Docket Entry No. 1, p. 6.  See Decision and Orders of the Immigration Judge, Docket Entry No. 2-1, pp. 3-6 (granting the motion to reopen Petitioner's asylum proceeding based on his conviction for a "particularly serious crime" that meets the definition of an "aggravated felony" under INA § 101(a)(43)(F) as a "crime of violence" defined in 18 U.S.C. § 16).

[10]In finding that a crime is "particularly serious," immigration authorities may examine "the nature of the conviction, the type of sentence imposed, and the circumstances and underlying facts of the conviction."  In re N-A-M-, 24 I. & N. Dec. 336, 342 (BIA 2007).  In some cases, however, immigration officials have instead "focused exclusively on the elements of the offense, i.e., the nature of the crime."  Id.

Petitioner's initial request for a bond pursuant to 8 U.S.C. § 1226(c),[11] which requires mandatory detention during removal proceedings lodged against "criminal aliens" with a prior conviction for an aggravated felony for purposes of 8 U.S.C. § 1227(a)(2)(A)(iii).[12] Thereafter, on December 4, 2017, the immigration judge sustained the charge of removability lodged against Petitioner as an aggravated felon.[13]

On December 11, 2017, the immigration judge denied Petitioner's second request for release on bond pending his removal.[14] In a written decision dated January 22, 2018, the immigration judge explained that Petitioner's conviction for evading arrest was an aggravated felony that rendered him deportable under § 1227(a)(2)(A)(iii) and subject to mandatory detention under § 1226(c).[15] Specifically, the immigration judge found that the conviction for evading arrest qualified as a "crime of violence under 18 U.S.C. § 16(b) because the offense involves a substantial risk of the use of physical force against the person or property of another."[16]

---

[11]This statute codifies INA § 236(c).

[12]Petition, Docket Entry No. 1, p. 11.

[13]Respondents' Motion, Docket Entry No. 11, p. 3.

[14]Petition, Docket Entry No. 1, p. 6.

[15]See Memorandum and Order on Motion for Bond Redetermination, Docket Entry No. 2-2, p. 4.

[16]Id. at 5.

Petitioner appealed the order of removal and the decision to deny him bond to the Board of Immigration Appeals ("BIA"), arguing that his detention was improperly based on a criminal conviction that qualified as an aggravated felony defined as a crime of violence under the "residual clause" found in 18 U.S.C. § 16(b), which was unconstitutionally vague.[17] The residual clause found in 18 U.S.C. § 16(b), which is set forth below in its entirety, defines a "crime of violence" to include -

> (a)  an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (b)  any other offense that is a felony and that, by its nature, involves <u>substantial risk that physical force against the person or property of another may be used in the course of committing the offense.</u>

18 U.S.C. § 16 (emphasis added).  The BIA affirmed the immigration judge's bond determination, which was based on a finding that Petitioner had a prior conviction for a crime of violence defined by the residual clause found in § 16(b), and dismissed that appeal on April 16, 2018.[18]

On April 17, 2018, the Supreme Court decided <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018).  In <u>Dimaya</u> the Supreme Court held that the crime-of-violence definition found in 18 U.S.C. § 16(b)'s residual clause, as incorporated into the definition of an

---

[17]<u>See</u> Petition, Docket Entry No. 1, p. 7.

[18]<u>Id.</u>

aggravated felony at § 1101(a)(43)(F), was unconstitutionally vague in violation of due process for reasons articulated in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015) (striking down a similarly worded residual clause found in the Armed Career Criminal Act). See <u>Dimaya</u>, 138 S. Ct. at 1213-16.

In light of <u>Dimaya</u> the order of removal against Petitioner was vacated on April 20, 2018, and returned to the immigration judge who originally entered that removal order for further proceedings.[19] At a hearing on May 30, 2018, the immigration judge elected to keep removal proceedings open after concluding that Petitioner's conviction qualified as a particularly serious crime,[20] making him ineligible for asylum under 8 U.S.C. § 1158(b)(2)(A).

Petitioner objected to the continued proceedings against him, arguing that the removal action should have been "closed" and that his asylum status should have been reinstated.[21] He also made a third request for release on bond.[22] According to Petitioner, this request was denied following a hearing before the immigration judge on July 18, 2018, in which the judge also considered whether Petitioner was eligible for other forms of relief, including an

---

[19]<u>Id.</u> Petitioner explains that the removal order was vacated in light of the <u>Dimaya</u> decision by Judge Greenstein, who then transferred the case back to the immigration judge who originally entered the removal order (Judge Lisa Luis). See <u>id.</u> See <u>also</u> Petitioner's MSJ, Docket Entry No. 9, p. 7.

[20]Petitioner's MSJ, Docket Entry No. 9, p. 7.

[21]<u>Id.</u> at 8.

[22]Motion to Strike, Docket Entry No. 12, pp. 10-11.

adjustment of status or withholding of removal under the Convention Against Torture.[23]  These issues remain unresolved and Petitioner remains in custody while removal proceedings continue.[24]

## B.  Petitioner's Claims

In a federal habeas corpus Petition that is dated June 19, 2018, Petitioner challenges his continued detention during the pendency of his removal proceedings.[25]  Pointing to <u>Dimaya</u>, Petitioner argues that his underlying conviction for evading arrest no longer qualifies as an aggravated felony for purposes of removal.[26]  Noting that his underlying conviction also does not qualify as an aggravated felony that warrants mandatory detention, Petitioner contends further that he has been unlawfully detained without bond because he is not a flight risk or a danger to the community.[27]  Petitioner seeks his immediate release from confinement under the federal habeas corpus statute found at 28 U.S.C. § 2241 and an injunction to prevent the respondents from detaining him further.[28]

---

[23]<u>Id.</u>

[24]<u>Id.</u> at 11.

[25]Petition, Docket Entry No. 1, p. 20.

[26]<u>Id.</u> at 12.

[27]<u>Id.</u> at 11.

[28]<u>Id.</u> at 20.

## C. Pending Motions

Petitioner has moved for summary judgment arguing that the removal proceedings against him are invalid and that his asylum status should have been reinstated by the immigration judge in May of 2018.[29]   He also argues that the immigration judge erred by finding that his conviction for evading arrest or detention with a motor vehicle constituted a particularly serious crime and that she further erred by finding that he was not entitled to release on bond on July 18, 2018, because she incorrectly concluded that he was a flight risk and a danger to the community.[30]

The respondents move to dismiss arguing that this court lacks jurisdiction to review discretionary decisions made by the Attorney General or his designees with respect to Petitioner's removal proceedings, which remain pending.[31]   The respondents also argue that Petitioner has not exhausted available administrative remedies as required before seeking federal habeas corpus relief from the immigration judge's most recent decision to deny him release on

---

[29]Petitioner's MSJ, Docket Entry No. 9, pp. 10-11.

[30]Id. at 12-21.   Petitioner argues further that his reopened removal proceeding violates the Fifth Amendment prohibition against Double Jeopardy.   Id. at 13.   This argument is without merit and will not be addressed further because immigration proceedings are civil in nature and the Double Jeopardy Clause does not apply outside the context of a successive criminal prosecution.   See De La Teja v. United States, 321 F.3d 1357, 1364-64 (11th Cir. 2003) (explaining that deportation proceedings cannot form the basis for a double jeopardy claim) (citations omitted).

[31]Respondents' Motion, Docket Entry No. 11, pp. 4-5.

bond on July 18, 2018.[32]  The respondents argue in the alternative that Petitioner's continued detention under § 1226(c) is lawful and does not violate due process because his prior conviction for evading detention with a motor vehicle qualifies as an aggravated felony that warrants mandatory detention without bond.[33]

Petitioner has filed a Motion to Strike Respondents' Motion, arguing that it was untimely filed and filled with misleading arguments about his status as an aggravated felon.[34]  Petitioner also requests appointment of counsel.[35]  In addition, Petitioner has filed a motion for leave to file supplemental pleadings concerning the conditions of his confinement.[36]  Petitioner's motions will be denied, and this case will be dismissed for reasons discussed in more detail below under the applicable standards of review.

---

[32]_Id._ at 5-6.

[33]_Id._ at 6-9.

[34]Motion to Strike, Docket Entry No. 12, pp. 4-18.

[35]Motion for Appointment of Counsel, Docket Entry No. 19, p. 1.

[36]Petitioner's Motion for Leave to File Supplemental Pleadings, Docket Entry No. 20, pp. 2-14.  Petitioner alleges retaliation and denial of access to the law library, among other things.  See _id._ Claims attacking conditions of confinement are actionable, if at all, in a civil rights complaint under 42 U.S.C. § 1983, and not under the federal habeas corpus statutes.  See, e.g., Carson v. Johnson, 112 F.3d 818, 820-21 (5th Cir. 1997); Cook v. Texas Department of Criminal Justice Transitional Planning Department, 37 F.3d 166, 168 (5th Cir. 1994).  The court has considered all of Petitioner's arguments regarding his continued detention.  Because Petitioner's proposed claims are not actionable under 28 U.S.C. § 2241, his motion for leave to supplement will be denied.

## II. <u>Standards of Review</u>

**A.   Rule 12(b)(1)**

The respondents move to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." <u>Krim v. pcOrder.com, Inc.</u>, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted).  In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." <u>Id.</u>  The petitioner bears the burden of demonstrating that subject matter jurisdiction exists.  <u>See</u> <u>Ramming v. United States</u>, 281 F.3d 158, 161 (5th Cir. 2001).

**B.   Rule 12(b)(6)**

The respondents also move to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To withstand a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level[.]" <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007).  If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. <u>Id.</u> at 1974.

The court is mindful of the fact that plaintiff proceeds <u>pro</u> <u>se</u> in this case.  Courts are required to give a <u>pro</u> <u>se</u>

litigant's contentions, however inartfully pleaded, a liberal construction. See Erickson v. Pardus, 127 S. Ct. 1081, 2200 (2007) (citing Estelle v. Gamble, 97 S. Ct. 285, 292 (1976)); see also Haines v. Kerner, 92 S. Ct. 594, 595-96 (1972) (noting that allegations in a pro se complaint, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 127 S. Ct. at 1965).

Although review of a motion to dismiss under Rule 12(b)(6) is typically confined to the contents of the pleadings, both parties have submitted some documentation from Petitioner's immigration proceedings.[37] In certain circumstances a district court may consider documents attached to a motion to dismiss. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). The Fifth Circuit made it clear that "such consideration is limited to documents that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." Scanlan v. Texas A&M University, 343 F.3d 533, 536 (5th Cir. 2003) (citing Collins, 224 F.3d at 498-99).

---

[37]Exhibits A-D to Petition, Docket Entry No. 2, pp. 1-24; Exhibit 1 to Respondents' Motion, Docket Entry No. 11-1, pp. 1-6; Exhibit A to Petitioner's Motion to Strike, Docket Entry No. 12-1, pp. 1-11.

## C.    Rule 56

Petitioner has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Under this rule a reviewing court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law.  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986).  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  Id.

## III.  Discussion

## A.    Challenges Related to Discretionary Decisions

### 1.    The REAL ID Act

The respondents argue that this court lacks subject matter jurisdiction to consider Petitioner's challenge to his ongoing removal proceedings or the related decision to deny release on bond.  The respondents rely on the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a), which makes a petition for review to the applicable circuit court of appeals the "sole and exclusive means" of judicial review for removal orders:

**(5) Exclusive means of review**

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any

-13-

other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) [of this section].

8 U.S.C. § 1252(a)(5) (emphasis added). As the respondents correctly note, the REAL ID Act has "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." Moreira v. Mukasey, 509 F.3d 709, 712 (5th Cir. 2007).

The Fifth Circuit has recognized that the REAL ID Act stripped the district courts of jurisdiction over habeas corpus petitions attacking removal orders under 28 U.S.C. § 2241. See Rosales v. Bureau of Immigration and Customs Enforcement, 426 F.3d 733, 735-36 (5th Cir. 2005). Here, however, Petitioner is not challenging an order of removal. Instead, he primarily challenges the immigration judge's decision to keep removal proceedings pending against him after Dimaya and the denial of bond while those proceedings remain pending. Those decisions are unrelated to a removal order. Under these circumstances the REAL ID Act does not preclude jurisdiction over Petitioner's challenge to his continued detention. See Gul v. Rozos, 163 F. App'x 317, 318-19 (5th Cir. 2006) (per curiam) ("We note first that the REAL ID Act stripped the district courts of jurisdiction over 28 U.S.C. § 2241 petitions attacking removal orders. To the extent that Gul's petition challenged his continued detention rather than the final order of removal, nothing in the

-14-

Real ID Act precluded the district court from adjudicating the claim." (internal citation omitted)). Thus, the respondents are not entitled to dismissal on these grounds.

2. This Court Lacks Jurisdiction to Second Guess the Immigration Judge's Findings and Conclusions

The respondents also argue that the court lacks subject matter jurisdiction to review discretionary decisions by the Attorney General or the immigration judge in connection with the proceedings that remain pending against Petitioner.[38] Congress has expressly restricted judicial review of discretionary decisions made by immigration officials, such as determinations about an alien's eligibility for release on bond under the relevant immigration statutes.[39] See United States ex rel. Barbour v. District Director of Immigration and Naturalization Service, San Antonio, Texas, 491 F.2d 573, 577 (5th Cir. 1974) ("The Immigration and Naturalization Act of 1952 vests wide discretion in the Attorney General and his delegates to determine whether or not to release an alien on bail pending a final decision in deportation proceedings.").

The parties present conflicting information about the statutory authority that governs Petitioner's detention. Although

---

[38]Respondents' Motion, Docket Entry No. 11, p. 8.

[39]See 8 U.S.C. § 1226(e) (providing that "[n]o court may set aside any action or decision . . . under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole").

the respondents argue that his status is governed by the mandatory detention statute found at 8 U.S.C. 1226(c),[40] Petitioner appears to challenge the merits of the immigration judge's determination following a bond hearing on July 18, 2018, that Petitioner is not entitled to release on bond as a discretionary matter because, due to his prior conviction for a particularly serious offense, he is both a flight risk and a potential danger to the community.[41] Thus, Petitioner appears to have been denied bond for discretionary reasons.[42]

To the extent that Petitioner's claims implicate discretionary decisions by the immigration judge to continue removal proceedings and to deny bond under § 1226(a), this court lacks jurisdiction to consider the merits of Petitioner's claims. See Kambo v. Poppell, Civil Action No. SA-07-800-XR, 2007 WL 3051601, at *10 (W.D. Tex. Oct. 18 2007) (concluding that the district court "[did] not have

---

[40]Respondents' Motion, Docket Entry No. 11, pp. 8-9.

[41]See Petitioner's MSJ, Docket Entry No. 9, pp. 11-13, 16-19 (arguing that the immigration judge incorrectly determined that his prior conviction was for a particularly serious crime and arguing further that he is not a danger to the community or a flight risk).

[42]Under 8 U.S.C. § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." With the exception of "criminal aliens," who are subject to mandatory detention pursuant to § 1226(c), the Attorney General may release an alien on bond or conditional parole. See 8 U.S.C. § 1226(a)(2). Petitioner correctly notes that, after Dimaya, his prior Texas conviction for evading arrest is no longer considered an aggravated felony for purposes of removal. See In re Gonzalez, 2018 WL 4692814 (BIA Sept. 11, 2018). Therefore, his detention arguably arises under § 1226(a) and not the mandatory detention statute found at § 1226(c).

jurisdiction to review the decision to deny release on bond itself or the Attorney General's discretionary judgment regarding the application of" the statute authorizing release on bond in the immigration context, 8 U.S.C. § 1226(a)) (citing Loa-Herrera v. Trominski, 231 F.3d 984, 991 (5th Cir. 2000)); Singh v. Attorney General of the United States, Civil Action No. 5:14-41-DCB-MTP, 2014 WL 2805091, at *3 (S.D. Miss. June 20, 2014) (concluding that the district court did not have jurisdiction to review the denial of the petitioner's motion for bond entered by the immigration judge); see also Malm v. Holder, Civil Action No. H-11-2969, 2012 WL 2568172, at *4 (S.D. Tex. June 29, 2012) (concluding that the district court lacked jurisdiction "to review under habeas or otherwise the Attorney General's discretionary authority to deny bond in a case such as this").

In other words, Petitioner's disagreement with the immigration judge's findings and conclusions is not a basis for relief because this court lacks jurisdiction to second guess an immigration judge's discretionary decision to deny bond. See K.A. v. Green, Civil Action No. 18-3436 (JLL), 2018 WL 6003541, at *2 (D.N.J. Nov. 14, 2018) (citing 8 U.S.C. § 1226(e)); see also Slim v. Nielson, Case No. 18-cv-02816-DMR, 2018 WL 4110551, at *4 (N.D. Cal. Aug. 29, 2018) ("A district judge may not second-guess the immigration judge's weighing of the evidence [when making a bond determination].") (internal quotations and citations omitted).

Respondents' Motion to dismiss the claims that pertain to the immigration judge's discretionary decisions will be granted.

## B. Remaining Claims — Exhaustion of Remedies

Although the court lacks jurisdiction to consider Petitioner's challenge to the immigration judge's discretionary decisions, the Supreme Court has held that habeas corpus review remains available to consider an alien's contention that his confinement is unconstitutional. See, e.g., Demore v. Kim, 123 S. Ct. 1708, 1714 (2003) (concluding that federal district courts have habeas jurisdiction to review constitutional challenges to mandatory detention while removal proceedings are pending under § 1226(c)); Zadvydas v. Davis, 121 S. Ct. 2491, 2498 (2001) (concluding that "§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges" to the duration of detention after a final order of removal has been entered). To the extent that Petitioner argues that his continuing confinement is unconstitutional as a violation of the Due Process Clause, the respondents argue that review must be denied as premature because Petitioner has not yet exhausted available administrative remedies for claims arising from the immigration judge's decision to deny Petitioner's third request for bond on July 18, 2018.[43]

The Fifth Circuit has held that a petitioner seeking relief under 28 U.S.C. § 2241 must first exhaust his administrative

_____

[43]Respondents' Motion, Docket Entry No. 11, pp. 5-6.

remedies before seeking review in federal court. See Hinojosa v. Horn, 896 F.3d 305, 314 (5th Cir. 2018). "The exhaustion . . . doctrine requires not that only administrative remedies selected by the [petitioner] be first exhausted, but instead that all those prescribed administrative remedies which might provide appropriate relief be pursued prior to seeking relief in the federal courts." Id. (internal quotation marks omitted). Exceptions to the exhaustion requirement are appropriate only where "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (internal quotation marks omitted). The petitioner bears the burden of showing the futility of exhaustion. Id.

Petitioner has not filed an appeal from the immigration judge's July 18, 2018, decision denying him release on bond.[44] The respondents argue that the issues raised by Petitioner are capable of being heard through an appeal to the Board of Immigration Appeals, followed by a petition for review by the Fifth Circuit.[45] The respondents also note that requiring administrative review first will benefit the analysis of any potential claim by virtue of

---

[44]Motion to Strike, Docket Entry No. 12, p. 16.

[45]Respondents' Motion, Docket Entry No. 11, p. 6 (citing 8 C.F.R. § 1003.19(f), allowing for appeal of a custody determination by an immigration judge to be taken to the Board of Immigration Appeals followed by review in a federal circuit court of appeals).

establishing an administrative record.[46] Having an administrative record would be particularly beneficial in this case because neither party has provided sufficient information about the exact nature of statutory authority for Petitioner's continued custody or the status of his removal proceedings, which remain pending.[47] Petitioner does not demonstrate that it would be futile to require exhaustion of administrative remedies in this context. Under these circumstances the court will grant Respondents' Motion to dismiss the remaining claims in the Petition for lack of exhaustion.

## IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.   The Respondents' Amended Motion to Dismiss and Opposition to Petitioner's Motion for Summary Judgment (Docket Entry No. 11) is **GRANTED IN PART** and **DENIED IN PART**.

2.   The Petition for a Writ of Habeas Corpus and Release from Detention filed by Ouedraogo Wendkuuni Gilles Patrick (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** to refiling a new petition after he has exhausted available administrative remedies.

---

[46]Id.

[47]The respondents argue that Petitioner's continued detention is lawful and does not violate due process because he is a criminal alien who is subject to mandatory detention under § 1226(c) (INA § 236(c)) because of his prior conviction for evading arrest, which qualifies as an aggravated felony. See Respondents' Motion, Docket Entry No. 11, pp. 6-9. As noted above, however, courts have now recognized that evading arrest or detention with a motor vehicle does not qualify as a crime of violence under 18 U.S.C. § 16(b) or an aggravated felony for purposes of the immigration statutes. The court does not address the respondents' argument further because, based on the available record, the argument appears misplaced.

3.    Petitioner's Motion for Summary Judgment
      (Docket Entry No. 9), Motion to Strike
      Respondents' Amended Motion to Dismiss (Docket
      Entry No. 12), Motion for Appointment of
      Counsel (Docket Entry No. 19), and Motion for
      Leave to File Supplemental Pleadings Under
      Rule 15(d) (Docket Entry No. 20) are **DENIED**.

The Clerk is directed to provide a copy of this Memorandum

Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 13th day of February, 2019.

_____
                SIM LAKE
      UNITED STATES DISTRICT JUDGE